# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50505
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Maria Torres de Lopez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1385-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Maria Torres de Lopez was convicted by a jury of conspiracy to harbor aliens and sentenced to six months of imprisonment. On appeal, Torres de Lopez argues that the district court erred in denying her motion to suppress all evidence obtained following a warrantless search of her home. Border

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50505

Patrol agents approached Torres de Lopez's home after receiving a tip from a confidential informant that illegal immigrants were being housed there.

Torres de Lopez argues that the agents lacked a warrant and probable cause to search her home, rendering the information gathered during the search, seizure, and interview illegal under the Fourth Amendment. We uphold a district court's ruling on a motion to suppress "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc). Torres de Lopez also argues that "the use of an unnamed cooperating witness, who was unavailable for cross-examination" at trial, violates the Confrontation Clause of the Sixth Amendment. This court reviews preserved Confrontation Clause claims de novo, subject to a harmless error analysis. *United States v. Noria*, 945 F.3d 847, 853 (5th Cir. 2019). Torres de Lopez preserved her claim by raising this objection at trial.

"Federal courts have recognized the 'knock and talk' strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when officers reasonably suspect criminal activity." *United States v. Jones*, 239 F.3d 716, 720 (5th Cir. 2001). A person is seized for Fourth Amendment purposes "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). While the officers initiated a knock and talk encounter with Torres de Lopez, there is no evidence that a seizure occurred. Because Torres de Lopez was not seized, her Fourth Amendment rights were not implicated, and the officers did not have to articulate reasonable suspicion or probable cause. *See United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991). While the officers did not enter or search Torres de Lopez's home initially, they did eventually search the home for the passport of one of the subjects. However, the agents asked for permission to do so, and Torres de Lopez

2

consented. Torres de Lopez does not argue that her consent was in any way coerced. Consequently, Torres de Lopez's consent to search her residence for the passport was not tainted or invalid, and the district court did not err when it denied her motion to suppress. *See Mendenhall*, 446 U.S. at 554.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has held that the Confrontation Clause bars the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Law enforcement officers may testify to tips from a confidential informant to "provide context for their investigation or explain background facts," provided the "out-of-court statements are not offered for the truth of the matter asserted therein, but instead for another purpose: to explain the officer's actions." *United States v. Kizzee*, 877 F.3d 650, 659 (5th Cir. 2017) (internal quotation marks and citation omitted). Here, the agents did not testify that the confidential informant said that Torres de Lopez was housing or was involved in housing illegal immigrants. They did not testify about the confidential informant saying anything about Torres de Lopez. Instead, they testified that they received information that illegal aliens were being housed at a certain location. This was not an accusation but a background fact about their investigation; therefore, the testimony did not violate the Confrontation Clause. *See id.*

The judgment of the district court is AFFIRMED.